NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARRY J. CONNER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1316

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02057-RTH, Judge Ryan T. Holte.

---

Decided: August 7, 2023

---

HARRY JAMES CONNER, Memphis, TN, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before PROST, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Harry Conner appeals a decision from the United States Court of Federal Claims, dismissing his complaint for failure to state a claim and also dismissing his motions for reconsideration and to amend the findings of fact and conclusions of law.[1] Because Mr. Conner's complaint was barred by the relevant statute of limitations, and because the trial court did not abuse its discretion when denying Mr. Conner's motions for reconsideration and to amend the findings of fact and conclusions of law, we affirm.

I

Mr. Conner is the listed beneficiary of a Federal Employee Group Life Insurance (FEGLI) policy held by his deceased mother, who had worked for the United States Postal Service. After his mother's death in February 2010, Mr. Conner secured the proceeds of his mother's policy, totaling $14,000 plus $96 in interest. However, Mr. Conner alleged that his mother elected to purchase another $10,000 in life insurance coverage in 1968 and in 1981, and he disputed the amount he was entitled to with the Office of Personnel Management (OPM). OPM confirmed the amount to Mr. Conner by letter. Mr. Conner then sought reconsideration, and OPM again confirmed by letter that Mr. Conner had received the right amount. Mr. Conner claimed that both letters he received from OPM confirming

---

[1]     Mr. Conner's notice of appeal could be construed as only appealing the trial court's denial of his motions for reconsideration and to amend the findings of fact. But his brief also challenges the dismissal of his complaint. Because Mr. Conner is pro se, we will assume that he intends to appeal both the dismissal of his case and the other two motions.

the amount of his mother's policy are "fake," "forged," and "fabricated." S.A. 8.[2]

Mr. Conner then initiated two lawsuits in the United States District Court for the District of Tennessee, claiming that he did not receive the correct payout. Both suits were dismissed for failure to state a claim, and both dismissals were affirmed by the United States Court of Appeals for the Sixth Circuit. Mr. Conner then filed suit in the Court of Federal Claims, asserting various breach of contract claims as well as a claim that he did not receive the proper payout from his mother's FEGLI policy in violation of the Back Pay Act. The trial court dismissed Mr. Conner's breach of contract claims, finding that his mother's FEGLI policy did not place him in privity of contract with the government. The trial court also found that, even if he were in privity of contract with the government, Mr. Conner's breach of contract claims were time-barred. The trial court rejected Mr. Conner's claim under the Back Pay Act, noting that it was not a money-mandating statute and thus the trial court did not have subject-matter jurisdiction. And finally, the trial court found that Mr. Conner's claims were barred under the doctrine of res judicata, as they were all raised in the two earlier lawsuits filed in the Western District of Tennessee. Mr. Conner then filed a motion to amend the findings of fact and conclusions of law under Court of Federal Claims Rule 52(b), and a motion for reconsideration under Court of Federal Claims Rule 59(a). After noting that Mr. Conner's arguments in the motions were all previously presented, the trial court denied both motions. Mr. Conner now appeals.

---

[2]    S.A. refers to the supplemental appendix attached to the government's informal brief.

## II

We review dismissals for lack of jurisdiction de novo. *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005). While pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers, pro se litigants still bear the burden of establishing jurisdiction over their claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

We review a denial of a motion for reconsideration under an abuse of discretion standard. *See Mass. Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1378 (Fed. Cir. 2001). And we also review a denial of a motion to amend the findings of fact and conclusions of law under an abuse of discretion standard. *See, e.g.*, *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1336 (Fed. Cir. 1998). When deciding whether the trial court abused its discretion, we consider whether the "court's decision was based on an erroneous conclusion of law or clearly erroneous factual findings," or whether the trial court "committed a clear error of judgment." *PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565, 1567–72 (Fed. Cir. 1988) (internal citations omitted).

## III

We first consider whether the trial court properly dismissed Mr. Conner's complaint for lack of jurisdiction, and then consider whether the trial court abused its discretion by denying Mr. Conner's motion for reconsideration and motion to amend the findings of fact and conclusions of law.

## A

The trial court found that it lacked jurisdiction over Mr. Conner's claims for several reasons, including that those claims were time-barred by the applicable statute of limitations. "Every claim of which the United States Court

of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. We have held that a claim accrues "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (internal citations omitted). Here, the trial court correctly found that Mr. Conner's claims accrued the day he received the FEGLI benefit payments, which was on June 25, 2010. But Mr. Conner did not file his complaint in the Court of Federal Claims until over ten years later, on October 18, 2021. We are unpersuaded by Mr. Conner's argument that the trial court "failed to consider any facts or circumstances" regarding the timing of the case, because the trial court did explain why his claims fell outside the relevant statute of limitations. *See* Appellant's Br. at 1. Thus, even taking all of Mr. Conner's allegations as true, the trial court correctly found that it did not have subject-matter jurisdiction over Mr. Conner's claims.

B

Nor did the trial court abuse its discretion in denying Mr. Conner's motions for reconsideration and to amend the findings of fact and conclusions of law. The trial court explained that Mr. Conner's arguments in both motions "were all previously presented," and did not change the fact that it did not have jurisdiction over Mr. Conner's claims. S.A. 4. Mr. Conner's brief on appeal merely reiterates that the trial court did not consider all the facts in the record. His brief also does not explain how his claims were not time-barred such that the trial court would have jurisdiction over those claims. We therefore find that the trial court did not abuse its discretion by denying both of Mr. Conner's motions.

CONNER v. US

## IV

We have considered the rest of Mr. Conner's arguments and find them unpersuasive. Thus, we affirm the Court of Federal Claim's determination that it did not have subject-matter jurisdiction over Mr. Conner's claims.

**AFFIRMED**

COSTS

No costs.